1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF OREGON

9                        PORTLAND DIVISION

10

11

12  JONATHAN HOLLANDER,                    No. 3:11-cv-01200-HU

13          Plaintiff,                              **OPINION AND
                                                         ORDER**
14      v.

15  RAINIER SCHOOL DISTRICT,

16          Defendant.
    ─────────────────────────────

17

18  Jonathan Hollander
    jehollander@gmail.com
19  5327 SE 77th Ave.
    Portland, OR 97206
20  Telephone: (503) 308-7056

21      Plaintiff Pro Se

22  Steven A. Kraemer
    sak@hartwagner.com
23  Leslie A. Edenhofer
    lae@hartwagner.com
24  HART WAGNER LLP
    1000 SW Broadway, Twentieth Floor
25  Portland, OR 97205
    Telephone: (503) 222-4499
26  Facsimile: (503) 222-2301

27      Attorneys for Defendant
        Rainier School District
28

    Page 1 - OPINION AND ORDER

1  HUBEL, Magistrate Judge:

2      Defendant Rainier School District's ("Defendant") moves,
3  pursuant to Federal Rules of Civil Procedure 37(b), 37(d) and
4  41(b), to dismiss Plaintiff Jonathan Hollander's ("Plaintiff")
5  second amended complaint for failure to prosecute, failure to
6  comply with a court order, and failure to attend a deposition.  The
7  parties have given full consent to adjudication of the case by a
8  magistrate judge pursuant to 28 U.S.C. § 636(c).  For the reasons
9  that follow, Defendant's motion (Docket No. 75) to dismiss
10 Plaintiff's second amended complaint is granted and this action is
11 dismissed with prejudice.

12                 **I. FACTS AND PROCEDURAL HISTORY**

13     On April 22, 2013, Plaintiff filed a second amended complaint,
14 alleging violations of 42 U.S.C. § 1983, the Fourteenth Amendment,
15 and § 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794.  On June
16 11, 2013, the Court sent Plaintiff a summary judgment advice
17 notice.  The following month, on July 15, 2013, Plaintiff filed a
18 motion for summary judgment pursuant to Rule 56(c).  On July 30,
19 2013, Defendant sent a letter notifying the Court and Plaintiff of
20 "discovery issues" it planned on discussing at an upcoming hearing.
21 Those issues included the adequacy of Plaintiff's responses to
22 Defendant's interrogatories and requests for production, as well as
23 Plaintiff's refusal to sit for a deposition.

24     On August 2, 2013, a hearing was held to discuss, among other
25 things, the aforementioned discovery issues.  As relevant to the
26 instant motion, the Court ordered Plaintiff to: (1) sit for
27 deposition at the law offices of Hart Wagner LLP in Portland,
28 Oregon, at 8:30 a.m., ending no later than 2:30 p.m. on August 7,

1  2013; (2) produce all records substantiating any other expenses,
2  economic or special damages, for which Plaintiff contends Defendant
3  is liable for the period of January 1, 2010, through the present
4  (e.g., the period for which Plaintiff claims damages); and (3) all
5  records relating to any counseling or psychological therapy of any
6  type sought by Plaintiff for the period of January 1, 2008, through
7  the present.  With respect to (3), Plaintiff said that would be no
8  problem because all those records were available online.  The Court
9  also set a deadline of August 30, 2013 for Defendant to respond to
10  Plaintiff's motion for summary judgment.

11     On August 7, 2013, Plaintiff appeared for his deposition
12  without producing the aforementioned discovery.  Plaintiff refused
13  to answer several questions and walked out of his deposition after
14  thirty-eight minutes.   on September 5, 2013, after Plaintiff
15  refused to confer with opposing counsel, Defendant filed the
16  present motion to dismiss for failure to prosecute, failure to
17  comply with the Court's orders, and failure to attend a deposition.
18  The following day, the Court entered an order setting a hearing on
19  all pending motions, with the exception of Plaintiff's motion for
20  summary judgment, for October 30, 2013.

21     On September 11, 2013, it was brought to the Court's attention
22  that there was dispute between the parties as to the terms of the
23  proposed protective order.  A telephone hearing was originally set
24  for September 17, 2013, but on the morning of the hearing,
25  Plaintiff notified the Court that he needed to seek urgent
26  treatment for his medical conditions and would be unable to attend.
27  Although the Court reset the hearing October 7, 2013, once again,
28

Page 3 - OPINION AND ORDER

1  Plaintiff contacted the Court on the morning of the hearing and
2  indicated that he would be unable to attend.   All attempts by the
3  Court to communicate with Plaintiff regarding a new hearing date
4  were unsuccessful.

5      As a result, on October 22, 2013, the Court entered an order
6  that, among other things: (1) reminded Plaintiff as to what motions
7  would be heard at the October 30, 2013 hearing; (2) required
8  Plaintiff to confirm, by October 25, 2013, at 4:00 p.m., that he
9  was medically able to attend that hearing and address the
10  reasonably prompt prosecution of his claims from this point
11  forward; and (3) warned Plaintiff that, if he failed to attend the
12  October 30, 2013 hearing, he should be prepared for the Court to
13  schedule a hearing to show cause why this case should not be
14  dismissed for lack of prosecution.

15      On October 24, 2013, Plaintiff sent the Court's courtroom
16  deputy an email, stating, among other things: "I will send notice
17  to the court, in writing, that I will be able to attend the hearing
18  scheduled for October 30 at 10:00 a.m."   Plaintiff never sent a
19  formal written notice.   Then, on October 29, 2013, at 9:57 p.m.,
20  Plaintiff sent another email to the courtroom deputy, stating,
21  among other things: "Dear Jude [sic] Hubel, I will not be able to
22  appear in person tomorrow for the October 30, 2013 hearing, as I am
23  still very sick with an upper respiratory infection. . . . My only
24  option for this hearing is to appear via telephone."

25      On October 30, 2013, prior to the 10:00 a.m. hearing, the
26  Court informed the parties that it would conduct the hearing by
27  telephone rather than in person to accommodate Plaintiff.   The
28

Page 4 - OPINION AND ORDER

1  courtroom deputy initiated the call and was able to contact
2  Defendant's counsel and place him on hold.  Over the course of the
3  next ten minutes, the courtroom deputy made several unsuccessful
4  attempts to contact Plaintiff via the telephone number listed for
5  Plaintiff on the District of Oregon's electronic filing system, a
6  telephone number provided by Defendant's counsel, and email.  When
7  the courtroom deputy called Plaintiff's telephone number listed
8  with CM/ECF, it rang but then immediately disconnected.  An email
9  was sent at 10:02 a.m. to Plaintiff advising him of this and asking
10 him for a reply and another phone number.  No reply ever came on
11 October 30, nor has one as of the entry of this order.

12      Several more calls produced the same result.  At 10:10 a.m.,
13 the Court obtained another phone number for Plaintiff from
14 Defendant's counsel.  When the courtroom deputy called that phone
15 number, it went immediately to voice mail and a message indicated
16 this voice mailbox had not been set up and could not take a
17 message.  The Court detailed the history leading up to the hearing
18 on October 30 including Plaintiff's actions on the record, with a
19 stenographer present.

20      On October 31, 2013, the Court entered an Opinion and Order,
21 wherein it: (1) stayed ruling on Defendant's motion to dismiss; (2)
22 informed Plaintiff that he would be required to sit for a
23 deposition that would take place in the mediation room on the ninth
24 floor of the Hatfield Courthouse, located at 1000 Southwest Third
25 Avenue in Portland, Oregon; (3) ordered Plaintiff to confirm to the
26 Court and counsel, in writing, by November 12, 2013, at 12:00 p.m.,
27 whether he planned on appearing in person or by telephone for his
28

Page 5 - OPINION AND ORDER

deposition; (4) ordered Plaintiff to produce, by November 12, 2013, at 12:00 p.m., the discovery previously ordered to be produced at the August 2, 2013 hearing; (5) granted an extension of the deadline for Defendant to respond to the Plaintiff's summary judgment motion because of Plaintiff's lack of cooperation in discovery; (6) informed Plaintiff that a telephone scheduling conference was going to be held on November 13, 2013, at 1:30 p.m., to set the date of Plaintiff's deposition and a date for oral argument on Plaintiff's pending motion for summary judgment; and (7) warned Plaintiff that this case would be dismissed if he failed to conduct himself in a civil and courteous manner in his dealings with Defendant's counsel, comply with court orders, act in accordance with representations he makes and has made to the Court, or cooperate with Defendant in the course of discovery, including the taking of his deposition

The November 12, 2013 deadline came and passed without Plaintiff confirming whether he planned on appearing in person for his deposition or producing the outstanding discovery described above. At approximately 1:30 p.m. on November 13, 2013, the Court attempted to convene a telephone scheduling conference with the parties. Prior to contacting Defendant's counsel and placing her on hold, the courtroom deputy made several unsuccessful attempts to contact Plaintiff via the telephone number and email address listed for him on the District of Oregon's electronic filing system, as well as the telephone number previously provided by Defendant's counsel.

1   In light of Plaintiff's continued failure to comply with court
2   orders, the Court implemented lesser sanctions during the November
3   13, 2013 scheduling conference, namely, striking Plaintiff's motion
4   for summary judgment.  The Court also (1) discussed the feasibility
5   of less drastic sanctions, such as striking Plaintiff's claim for
6   damages and/or non-economic or emotional distress damages; (2) set
7   a hearing on Defendant's pending motion to dismiss for December 5,
8   2013, at 1:30 p.m.; (3) set a deadline of November 22, 2013, at
9   4:30 p.m., for Plaintiff to respond in writing to Defendant's
10  motion to dismiss and also explain his continued failure to comply
11  with the Court's orders; and (4) set a deadline of November 22,
12  2013, at 4:30 p.m., for Defendant to supplement the record on its
13  pending motion to dismiss.

14      The rulings described above at page seven, lines one through
15  thirteen were reflected in the Court's Opinion and Order filed on
16  the same day.  In that November 13, 2013 Opinion and Order, the
17  Court also stated that Plaintiff was expected to appear for the
18  December 5, 2013 oral argument either in person or by telephone,
19  and if he chose to appear by telephone, he needed to contact the
20  Court in writing advising of his intent and supplying a working
21  phone number he could be reached at on the day of the hearing.

22      On November 14, 2013, at 3:55 p.m., Plaintiff sent the
23  courtroom deputy an email, indicating that (1) Plaintiff was
24  "without a computer" and unable to reply to the Court's emails
25  "until now"; (2) the Court had used the correct telephone number to
26  contact Plaintiff, but the Court could not hear him on the other
27  end; (3) Plaintiff apparently had poor signal strength in southeast
28

Page 7 - OPINION AND ORDER

1   Portland;  and  (4)  Plaintiff  accepted  responsibility  for  the
2   communication problems. That email is attached as Exhibit 1 to this
3   Opinion and Order.

4       On  November  22,  2013,  the  deadline  for  responding  to
5   Defendant's motion to dismiss passed without Plaintiff filing any
6   brief, and Defendant's deadline for supplementing the record passed
7   without any further briefing.  Four days later, on November 26,
8   2013, the Court entered a paperless minute order that (1) provided
9   Defendant's counsel with a copy of Plaintiff's November 14, 2013
10  email and (2) reminded Plaintiff that all deadlines set forth in
11  the October 31, 2013 and November 13, 2013 orders remained in full
12  effect.

13      As of December 5, 2013, at 1:30 p.m., Plaintiff failed to
14  produce the discovery originally ordered to be produced on August
15  2, 2013, and on several occasions thereafter.  He also failed to
16  appear for the December 5, 2013 hearing either in person or by
17  telephone, despite the Court's continued efforts to reach him.

18                          **II. DISCUSSION**

19      Defendant moves, pursuant to Rules 37(b), 37(d) and 41(b), to
20  dismiss  Plaintiff's  second  amended  complaint  for  failure  to
21  prosecute, failure to comply with a court order, and failure to
22  attend a deposition.[1]  Rule 37(b) provides that if a party "fails
23  to obey an order to provide or permit discovery, . . . the court
24  where the action is pending may issue further just orders [which]

25
26      [1] Rule 41(b) provides: "If the plaintiff fails to prosecute or
    to comply with these rules or a court order, a defendant may move
27  to dismiss the action or any claim against it." FED. R. CIV. P.
    41(b).
28

Page 8 - OPINION AND ORDER

1  may include . . . dismissing the action or proceeding in whole or
2  in part." FED. R. CIV. P. 37(b)(2)(A). Similarly, Rule 37(d) states
3  that a court may dismiss an action or proceeding in whole or in
4  part if "a party . . . fails, after being served with proper
5  notice, to appear for that person's deposition." FED. R. CIV. P.
6  37(d)(1)(A).

7      "A district court should consider five factors before imposing
8  the sanction of dismissal: (1) the public's interest in expeditious
9  resolution of litigation; (2) the court's need to manage its
10 docket; (3) the risk of prejudice to the defendants; (4) the public
11 policy favoring disposition of cases on their merits; and (5) the
12 availability of less drastic sanctions." *Rio Properties, Inc. v.*
13 *Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). "[T]he
14 key factors are prejudice and availability of lesser sanctions."
15 *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). "[T]he
16 district court must also determine that the violations of discovery
17 orders were due to the willfulness, bad faith, or fault of the
18 party." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994).

19      In considering the availability of lesser sanctions, one of
20 the two "key factors," a district court must: (1) discuss the
21 feasibility of less drastic sanctions and explain why alternative
22 sanctions would be inappropriate; (2) if possible, implement
23 alternative sanctions before ordering dismissal; and (3) warn the
24 party of the possibility of dismissal before actually ordering it.
25 *Stephens v. Nike, Inc.*, No. 3:11-cv-00736-HU, 2012 WL 1801832, at
26 *1 (D. Or. May 17, 2012) (citing *Hyde*, 24 F.3d at 1167)).

27

28

Page 9 - OPINION AND ORDER

1    For the reasons stated on the record during the December 5,
2   2013 hearing, all of which are incorporated herein by reference,
3   the Court concludes that the sanction of dismissal is warranted in
4   this case.  As an initial matter, the Court has warned Plaintiff
5   regarding the potential sanction of dismissal on more than one
6   occasion, and the Court has already implemented lesser sanctions,
7   namely, striking Plaintiff's motion for summary judgment.  Simply
8   striking a damages claim is not an adequate remedy/ sanction for
9   Plaintiff's conduct.  The mental health records he has failed to
10  produce are relevant not only on damages, but also to whether
11  Defendant has any liability in the first instance.  The actions of
12  Defendant that Plaintiff complains about are allegedly related to
13  Plaintiff's mental health and orders from the domestic relations
14  division of the Oregon Circuit Court.  The failure to produce these
15  readily available records prejudices Defendant and renders
16  dismissal of Plaintiff's damages not fully effective.

17    Moreover, the public's interest in expeditious resolution of
18  litigation, the Court's need to manage its docket, the risk of
19  prejudice to Defendant (a school district), and the availability of
20  less drastic sanctions all favor the sanction of dismissal.  As
21  should be clear from the timeline of events described in Part I.,
22  the Court went out of its way to provide every conceivable
23  opportunity for Plaintiff to conform his conduct to the Court's
24  orders and receive a disposition of his case on the merits, but the
25  line has to be drawn somewhere.

26    Lastly, the Court finds that Plaintiff's violations of the
27  Court's orders, including discovery orders, was due to the
28

Page 10 - OPINION AND ORDER

willfulness, bad faith, and fault of Plaintiff.  At minimum, Plaintiff could have submitted handwritten papers to the Court (as many pro se litigants choose to do) or prepared typed versions of his papers on his computer as he has done throughout this case. Notably, the Court never received a notice indicating that its orders, all of which were mailed to Plaintiff, were returned as undeliverable.

### III.  CONCLUSION

For the reasons stated, Defendant's motion (Docket No. 75) to dismiss Plaintiff's second amended complaint is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____ day of December, 2013.

_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 11 - OPINION AND ORDER

 Re: CV 11-1200-HU Hollander v. Rainier School District
J H   to: Kathleen_Bartholomew@ord.uscourts.gov                    11/14/2013 03:35 PM

History:              This message has been replied to and forwarded.

Hello Ms. Bartholomew,

I am without a computer, so I was unable to reply to your emails until now.

You were calling the correct number, and when I would answer I could hear you, you couldn't hear me though. When I tried to call you back, I was told that I did not have a strong enough signal to place a call (I'm in SE Portland). I contacted my phone provider, and they said to send the phone back for a replacement (which doesn't help me any). That phone was purchased solely for these hearings, so I'm too thrilled that it did last more than a few hours.

My telephone was the problem, so I accept responsibility for this.
Please let Judge Hubel know, that under no circumstances would I knowingly ignore his calls. There was nothing that could be done to rectify the situation, that was not already being attempted.

Please accept my sincerest apologies,

Jonathan Hollander, plaintiff

On Wed, Nov 13, 2013 at 1:40 PM,  <kathleen_bartholomew@ord.uscourts.gov> wrote:
Mr. Hollander:

The court has just tried to reach you at the two phone numbers on record for you. The first number (503-308-7056 ) disconnected immediately. The second ((503) 701-0947) rang then converted to a busy signal.

Please provide the court (via reply to this e-mail) with a phone number at which you can be reached **right now** for this hearing which was set by order of October 31, 2013.

Thank you.

Court Exhibit #1